## Case No. 11,469.

### In re PURCELL et al.

[2 Ben. 485; [1] 2 N. B. R. 22 (Quarto, 10); 36 How. Pr. 42.]

District Court, S. D. New York.   July, 1868.

SALE BY ASSIGNEE OF MORTGAGED PROPERTY.

Where an assignee in bankruptcy, on taking possession of the personal property of the bankrupt, found that a portion of it was subject to a chattel mortgage, but sold it all without objection from the mortgagee, and the property mortgaged did not sell for the amount of the mortgage: Held, that the mortgagee was not thereby entitled to be paid the full amount of his mortgage, as a privileged debt.

[In the matter of Patrick Purcell and Henry M. Robinson, bankrupts.] In this case the register certified to the court that a certain portion of the bankrupt's property delivered to the assignee was personal property, which was covered by a chattel mortgage; that the assignee had sold all the property; that the mortgaged property did not at such sale realize the amount of the mortgage; that the holder of the mortgage claimed that the assignee should pay the amount of the mortgage in full, as a privileged debt, making up the deficiency out of

the proceeds of the other property; but that the register had held that such claim could not be allowed.

By JOHN FITCH, Register:

[2] [This cause was referred to me as register. The schedules showed the petitioners to have been hotel keepers, having quite a quantity of cheap furniture, dishes, &c., used in the restaurant of the hotel, Verander Hotel, No. 21 East Houston street, in the city of New York. The petitioners, upon filing their petition and schedules, abandoned the property. I at once put a watchman in possession of the property, who reported to me that, owing to the bad condition of the fastenings of the doors and windows, a night watchman was necessary. I found, upon examination of the premises and property, that a night watchman was also necessary, and designated one. I found that the sheriff allowed watchmen five dollars a day. I allowed but two dollars and a half, allowing the two men only the pay of one. The assignee has sold the effects of the bankrupts, receiving therefor, one thousand seven hundred and sixteen dollars; the property sold at a very fair rate and brought all that could be reasonably expected, the articles being of an inferior kind. The expenses of executing the trust are no more than was absolutely necessary; there were four servants employed by the bankrupts, whose claims are preferred by the bankrupt act, to the amount of fifty dollars each, and whose wages exceeded that sum as proved. It is claimed by the landlord who owns the premises in which the property was situated that was sold by the assignee, that certain articles which the bankrupts allege to have been theirs, were, in fact, the property of the landlord. There was a chattel mortgage upon some of the property of the bankrupts, amounting to the sum of nine hundred dollars or one thousand dollars. By agreement, the mortgaged property was sold by the assignee, and brought the sum of seven hundred and eighty-three dollars and nine cents over and above its share of the expenses.

[I certify, as a matter of law, and so report, that the assignee should: First. Pay out of the funds the expenses necessary to the execution of the trust, the payment of the wages and expenses of the watchmen, and the fees of the assignee as fixed by law. Second. To pay the landlord the amount due him for articles, if any, sold through mistake, belonging to him. Third. To pay the amount on the chattel mortgage which the articles brought, but no more, after deducting the proportionate share of the expense of selling. Fourth. To pay the preferred creditors in proportion to the amount due. Fifth. Then pay the remaining creditors who have proved their claims in proportion to their respective amounts.

[The articles mortgaged were, to a cer-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 2 N. B. R. 22 (Quarto, 10).]

tain extent, the property of the petitioners; if there had been payments made upon the mortgage so as to have reduced the same to a small sum, and the property so mortgaged been worth more than the amount due on the mortgage, then the surplus would have been assets in the hands of the assignee. The articles mortgaged were assets as mentioned in the schedules: it had to be taken possession of by some one, as the petitioners abandoned it. The register placed watchmen in possession of the articles mortgaged as well as the articles not mortgaged; the assignee continued the watchmen until and including the sale. All the care, labor and attention that were required to take charge of the mortgaged property, were performed and given. The owner of the mortgage assented to the sale of the mortgaged property at the assignee's sale, with the rest of the property. He, the owner of the mortgage, received his proportionate share of the benefits of watching, care, and of the sale at auction; the articles brought a fair price; he was relieved from all personal care of them, and should share the expense of selling and taking care of them. The owner of the articles so mortgaged had the benefit of the use of the building containing the articles, for which the estate paid rent. All the articles contained in the mortgage were sold, but did not bring the original price, but sold for a very fair price. The claim that the mortgagee has a right to have the assignee appropriate the money received from the sale of the other articles not mortgaged to the making up of the deficiency as between the amount due on the mortgage and the amount the articles brought, is unjust in every respect, and cannot be maintained upon any sound principle of law or of justice. Section fourteen of the bankrupt act [of 1867 (14 Stat. 522)], provides, "That no mortgage of any vessel or of any other goods or chattels, made as security for any debt or debts in good faith and for present consideration, and otherwise valid and duly recorded pursuant to any statute of the United States, or of any state, shall be invalidated or affected hereby."

[It cannot for a moment be pretended that the above recited clause gives the owner of the chattel mortgage any claim on the estate of the bankrupt other than the amount the articles so mortgaged brought, as the mortgagee did not elect to take possession of the mortgaged property, as he could by law have done. By the act the assignee did not acquire any title to the mortgaged property other than as above stated. By an agreement with the owner of the mortgage, the assignee became his agent for the safe keeping and sale of the property. He kept it, sold it, and charges it with a fair share of the expenses, and is ready to pay over to the mortgagee the proceeds, less the proper charges. The assignee, as the agent of the mortgagee, cannot apply the funds of the bankrupt's estate to the payment of a deficiency on the mortgage. I hold the assignee cannot take moneys of the estate to pay any part of the amount due on the mortgaged property. He can only take the money it brought on the sale, and pay it over on the mortgage, less the proportionate share of the expenses. The owner of the mortgage having agreed with the assignee as to the sale and elected to have it sold, is now estopped and cannot disavow the act of the assignee, who became his agent for that purpose; the property did not bring the face of the mortgage, nor can he have the property of the other creditors taken to pay his debt. The law of estoppel prevents his doing so. The owner of the mortgage could have removed his property and repossessed himself of the same. Not having done so, but agreeing with the assignee, who was also his agent, to have it sold with the rest of the property, at the same time and place with the rest, he is bound by the act of the assignee and his agent; must take the amount the articles brought, and cannot claim any priority or preference in payment out of the proceeds of the estate, as the articles sold formed no part of the estate of the petitioners, the petitioners having a right only in a surplus, if any. None arising, no title accrued to them or the assignee. I also hold that, in all cases where there are any preferred liens, as contemplated by section fourteen, the holder of the lien may appoint the assignee of the estate his agent, to act for him in relation to the preferred liens, the same as in this case; that there cannot be any good or reasonable objection to such a practice, and in many cases it would be beneficial to the interest of the creditors, also lessening the expenses.

[The attorneys for the owner of the chattel mortgage objects to the ruling of the register, and prays that the same may be certified to the court for decision. He claims that the assignee should pay the owner of the mortgage the full amount due thereon, and that to do so he must take the money of the estate to make up the deficiency as between the sum the mortgaged articles brought and the sum due on the mortgage, which, in its operation, would be simply this: Purcell & Robinson are petitioners in bankruptcy and have property to the amount of one thousand seven hundred and sixteen dollars; one creditor has a chattel mortgage upon a quantity of beds and bedding, which are enumerated in the schedules; the owner of the mortgage of one thousand dollars appoints the assignee of the estate to sell the articles so mortgaged at the assignee's sale of the bankrupt's estate; the articles are sold, and bring a good price, but not the face of the mortgage; the other articles of the bankrupts' estate are also sold, and bring a fair price; the owner of the mortgage elects to let the mortgaged articles be sold with the rest, and by this means he claims

to have secured a prior lien on the proceeds of the articles sold, not mortgaged, sufficient to make up the deficiency. For such a proceeding there is neither law nor precedent, and never should be, and any assignee who should pay out any of the funds of an estate in such manner would render himself personally liable for the amount thus paid.

[I hold, as a matter of law, that the claim to the surplus, or a portion thereof, to make up the deficiency, cannot be allowed.] [2]

BLATCHFORD, District Judge. Understanding the question certified by the register to be, whether the assignee shall make up, out of the general funds of the estate, any difference between the net proceeds of the sale of the mortgaged property, and the amount stated by the mortgage to be due, I answer it in the negative.